IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS GRANDINETTI, #A-0185087, | ) ) ) | CIV. NO. 13-00323 JMS/RLP |
| Petitioner, | ) ) ) | ORDER (1) DISMISSING ACTION; (2) DENYING TEMPORARY RESTRAINING ORDER; AND |
| vs. | ) ) ) | (3) DENYING CERTIFICATE OF APPEALABILITY |
| J. GUILIN, N. SAMBERG, P. SELLS, CCA/SCC EMPLOYEES, | ) ) ) | |
| Respondents. | ) ) | |
| _____ | ) | |

## ORDER (1) DISMISSING ACTION; (2) DENYING TEMPORARY RESTRAINING ORDER; AND (3) DENYING CERTIFICATE OF APPEALABILITY

Francis Grandinetti, a Hawaii prisoner confined in the Saguaro

Correctional Center ("SCC"), located in Eloy, Arizona, seeks relief under 28

U.S.C. § 2241. *See* Pet., ECF No. 1 ("Federal Writ of Habeas Corpus Laws,

§ 2241, et seq."). Grandinetti "pleads a habeas corpus case for disciplinary charges

of false medical injuries," and seeks a "T.R.O. and Preliminary Injunction." For

the following reasons, the Petition and action are DISMISSED. The request for a

temporary restraining order or preliminary injunction and a certificate of

appealability are also DENIED.

# I. <u>BACKGROUND</u>

In its entirety, Grandinetti's Petition states:

Comes Now the pro se Petitioner, Francis Grandinetti, #A-0185087 Hawaii SID, on federal interstate detention at a Hawaii-leased private prison in Arizona; and pleads a habeas corpus case for disciplinary charges of false medical injuries.  Rule 12(b)(6).

The disciplinary report, sample sick-call proofs, and relevant replies are attached.  A T.R.O. is now applied for under § 1915(g).

An M.D. report and police report must be done first; then a misconduct may issue.  The Respondents are civil RICO violators also, under 18 U.S.C. § 1964(c).

Pet., ECF No. 1.  Grandinetti attaches thirty-one pages of exhibits to the Petition.

These include progress reports prepared for an upcoming parole eligibility hearing,

a June 18, 2013 notice informing him that he is under investigation for sending the

SCC Medical Unit numerous frivolous medical requests, and twenty-four "sample"

medical requests that he has submitted in the past year to the SCC Medical Unit.

*See* Exs., ECF 1-1.  Grandinetti claims that Respondents SCC Unit Manager J.

Guilin, SCC Supervisor N. Samberg, and "All CCA/SCC Employees Involved" are

"civil RICO violators under 18 U.S.C. § 1964(c)."  Pet., ECF 1, 1.

Grandinetti states that he gave the Petition to prison officials on June
20, 2013, for mailing to the court.  *See* Mailing documentation, ECF No. 1-2.
Liberally construing the Petition in conjunction with his exhibits, it appears
Grandinetti challenges an ongoing prison investigation that may result in
unspecified sanctions, possibly delaying his eligibility for parole.  *See* Pet., ECF
No. 1 (captioned as relating to "Parolee Hearings").

## II.  <u>SCREENING</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States
District Courts ("Habeas Rules") requires the court to make a preliminary review
of each petition for writ of habeas corpus.  The court must summarily dismiss a
petition "[i]f it plainly appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court."  Habeas Rule 4; *O'Bremski
v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908
F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition (1) specify all
grounds for relief; (2) state the facts supporting each ground; and (3) state the relief
requested.  Notice pleading is not sufficient.  A petition must state facts that point
to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes
(1976); *O'Bremski*, 915 F.2d at 420 (quoting *Blackledge v. Allison*, 431 U.S. 63,

75 n.7 (1977)). Vague, conclusory, or palpably incredible allegations may be summarily dismissed. *Hendricks*, 908 F.2d at 491.

A federal court may only grant a petition for writ of habeas corpus if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). A habeas corpus petition is generally the correct method for a petitioner to challenge the legality or duration of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)). In the context of parole, the Ninth Circuit recognizes the possibility of habeas jurisdiction in suits that fall outside of this "core" of habeas corpus. *See Bostic v. Carlson*, 884 F.2d 1267 (9th Cir. 1989) (reviewing (under § 2241) a disciplinary finding that, if expunged, was likely to accelerate the petitioner's eligibility for parole); *Docken v. Chase*, 393 F.3d 1024 (9th Cir. 2004) (determining that a claim challenging the constitutionality of the frequency of parole reviews, where the prisoner was seeking only equitable relief, was sufficiently related to the duration of confinement).

### III. DISCUSSION

It is uncertain whether Grandinetti's pleading actually seeks relief under habeas corpus jurisdiction or whether he asserts a civil rights claim under 42 U.S.C. § 1983. In either case, he fails to comply with the procedural prerequisites

4

to seeking relief in the federal court, warranting dismissal of this action without prejudice but without leave to amend.

## A.      Grandinetti May Not Proceed Under 28 U.S.C. § 2241

If the court accepts Grandinetti's pleading at face value and reviews it as setting forth a habeas claim, it is improperly brought under § 2241. Grandinetti is a convicted Hawaii state prisoner serving his term of imprisonment in Arizona, with an expected release date of January 25, 2031. *See* Exs., ECF No. 1-1, PageID #2. The Ninth Circuit has instructed that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010). Grandinetti may only challenge the execution of his sentence in federal court, if that is his intent, with a habeas action under 28 U.S.C. § 2254. And construing the Petition under § 2254, it is subject to dismissal.

### 1.      *Payment and Form of the Petition*

As an initial matter, Grandinetti has not paid the $5.00 filing fee or moved to proceed *in forma pauperis*, although he refers to 28 U.S.C. § 1915(g) in his Petition, apparently to show that he is in imminent danger of serious physical

injury.[1]  *See* 28 U.S.C. § 1915.  Section 1915(g)'s restrictions on proceeding *in forma pauperis* do not apply to prisoners seeking habeas relief, however.  *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005).  Thus, whether Grandinetti is in serious danger of imminent injury is immaterial to whether he qualifies for *in forma pauperis* status in this putative habeas action.  This action may not proceed until Grandinetti pays the filing fee or shows that he is qualified to proceed *in forma pauperis*.

Habeas Rules 2(c) and (d) require that a petition (1) specify all grounds for relief; (2) state the facts supporting each ground; (3) state the relief requested; (4) be signed under penalty of perjury by the petitioner or his authorized representative; and (5) be legibly written or typewritten on forms substantially approved by the court as appended to the Federal Rules of Civil Procedure.  *See also* Local Rule 99.7.10.  The Petition does not clearly specify its grounds for relief, the facts supporting those grounds, or the relief requested.  Nor is it signed under penalty of perjury or on a court-approved form.  The court has notified Grandinetti of these requirements many times before and has sent him copies of

---

[1] Grandinetti has accrued three strikes under 28 U.S.C. § 1915(g), and has been notified of these strikes numerous times.  *See e.g.*, *Grandinetti v. FDC Seg. Unit Staff*, 420 Fed. Appx. 576 (9th Cir. 2011); *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS; *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG.  The court has also consistently notified him that he must submit an *in forma pauperis* or the civil filing fee when he commences an action.  *See, e.g., Grandinetti v. State*, Civ. No. 13-00009 DKW.

habeas and prisoner civil rights forms, which are also available at SCC.  The

Petition is DISMISSED without prejudice on these bases.

### 2. *Jurisdiction*

Grandinetti fails to name the state officer having immediate custody

of him as respondent, that is, the person "with the ability to produce the prisoner's

body before the habeas court."  *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *see*

*also* Habeas Rule 2(a) of the Rules Governing § 2254 Cases.  The correct

respondent is normally the warden of the facility in which the petitioner is

incarcerated, or the chief officer in charge of state penal institutions.  *Padilla*, 542

U.S. at 447; *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

Grandinetti names the prison officials who are investigating his allegedly vexatious

filing of false medical requests to the SCC Medical Unit, but fails to name the

warden or state officer with authority to produce him in this court.  Failure to name

the proper respondent deprives the court of jurisdiction.  For these reasons, the

Petition is DISMISSED without prejudice.

### 3.     *Exhaustion*

A federal habeas petitioner challenging a state court conviction or sentence must first exhaust state judicial remedies.  *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *see also* 28 U.S.C. § 2254(b)(1)(A).  To exhaust state judicial remedies, a state prisoner must present the highest state court with jurisdiction over the claims with a chance to rule on the merits of every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34.  In Hawaii, a prisoner may challenge parole issues pursuant to Hawaii Rules of Penal Procedure 40.  *Turner v. Haw. Paroling Auth.*, 93 Haw. 298, 308, 1 P.3d 768, 778 (Haw. App. 2000).

From the face of the Petition and its exhibits, it is clear that the Petition is unexhausted.  Grandinetti's exhibits show that the disciplinary investigation and report at issue began two days before he mailed his Petition to this court.  *See* Exs., ECF No. 1-1 PageID #4.  The investigation was apparently ongoing when he commenced this action.  To the extent Grandinetti suggests that sanctions *may* be imposed that may impact his ability to obtain parole, he does not claim that he challenged the investigation through the prison's review process or thereafter in the state courts.  He cannot have exhausted state court judicial remedies in the two days between initiation of the investigation and the

8

commencement of this suit and the Petition is clearly unexhausted. The Petition is
DISMISSED without prejudice on this ground.

### 4.      *Standing*

A federal court cannot consider the merits of a legal claim unless the
person invoking the court's jurisdiction establishes the requisite standing to sue.
*Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). "To establish standing, a
plaintiff must demonstrate (1) that he suffered an injury in fact, *i.e.*, an invasion of
a legally protected interest that is (a) concrete and particularized, and (b) actual or
imminent, not conjectural or hypothetical; (2) that there is a causal connection
between the injury and the conditions complained of, such that the injury is fairly
traceable to the challenged act of the defendants; and (3) that the injury will likely
be redressed by a favorable decision." *Townley v. Miller*, No. 12-16881, slip op. at
9, 2013 WL 3455671, at *2 (9th Cir. July 10, 2013) (citing *Lujan v. Defenders of
Wildlife*, 504 U.S. 555, 560-61 (1992)).

"The party invoking federal jurisdiction bears the burden of
establishing these elements[;]" they "are not mere pleading requirements but rather
an indispensable part of a plaintiff's case." *Lujan*, 504 U.S. at 561 ("[E]ach
element must be supported in the same way as any other matter on which the
plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence

required at the successive stages of the litigation."); *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (articulating "clear showing" as the burden of proving standing at the preliminary injunction stage).  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan*, 504 U.S. at 561; *see also Churchill Cnty. v. Babbitt*, 150 F.3d 1072, 1077 (9th Cir. 1998).

"Standing, unlike other jurisdictional doctrines, focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated."  *Lujan*, 504 U.S. at 561 (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976)).  A court may not create its own jurisdiction by embellishing otherwise deficient allegations of standing.  *Whitmore*, 495 U.S.  at 155-56; *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 821 (9th Cir. 2002).

Liberally construed, the Petition suggests that *if* Grandinetti is sanctioned based on the results of the investigation in question, this sanction *may* result in the delay or denial of parole at an unidentified future parole hearing.[2]  *See generally* Pet., ECF No. 1; Exs. ECF 1-1, PageID #2-4 (Parole progress report).

---

[2] Grandinetti does not claim that the *investigation* violated his rights to due process or suggest what process he is entitled to before he may be investigated for wrongdoing at the prison beyond the notice he received.

When a successful challenge to a disciplinary hearing or administrative sanction *will not necessarily shorten* the overall length of confinement, habeas jurisdiction is lacking.  *Ramirez v. Galaza*, 334 F.3d 850, 852, 858 (9th Cir. 2003) (finding that relief pursuant to § 1983 remains an appropriate remedy)*; Docken*, 393 F.3d at 1030.  And speculative challenges to disciplinary decisions that may affect future parole determinations fall outside the scope of habeas jurisdiction.  *See Ramirez*, 334 F.3d at 859 (stating that claims challenging procedures used during disciplinary hearings are properly brought in a civil rights action, because expungement of disciplinary finding was not likely to accelerate prisoner's eligibility for parole).

        The challenged investigation has just begun and Grandinetti has not yet suffered a sanction.  There is no indication that a disciplinary sanction will have an impact on a future parole hearing decision.  Grandinetti's claims are completely speculative and hypothetical, because his sentence and parole eligibility remain unchanged and he has suffered no injury in fact.[3]  Grandinetti fails to show an actual imminent injury to any parole decision that may be forthcoming.

        Further, Grandinetti cannot show that the possible future denial of parole is fairly traceable to the putative disciplinary sanction or that it can be

---

        [3] Grandinetti's exhibits show that he is eligible for a parole hearing sometime in July 2013, and that his expected release date is January 25, 2031.  *See* Exs., ECF No. 1-1 PageID #2.

redressed by a favorable decision of this court.  That is, even if the investigation has concluded since Grandinetti commenced this action, and he has been sanctioned, he fails to state a cognizable claim for habeas relief.  "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, --- U.S. ---, 131 S. Ct. 859, 862 (2011) (*per curiam*); *Greenholtz v. Nebraska*, 442 U.S. 1, 7 (1979).  Although state law "may create liberty interests in parole release that are entitled to protection under the Due Process Clause[,]" *Bd. of Pardons v. Allen*, 482 U.S. 369, 371 (1987) (citations omitted), Hawaii's parole statutes do not create such a liberty interest in parole. *See, e.g., Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992); *Regan v. Hawaii*, 2007 WL 4440956, at *2 (D. Haw. Dec. 19, 2007).  Other than his conclusory allegations, Grandinetti fails to explain how an adverse disciplinary finding impacts his eligibility for parole.  Because Grandinetti lacks standing to proceed with this claim, the Petition must be DISMISSED without prejudice.

**B.      Review Under 42 U.S.C. § 1983**

           Based on Grandinetti's references to § 1915(g), and the general thrust

of his claims, it appears that he labeled his pleading as seeking habeas relief simply

to avoid the penalties imposed by § 1915(g).  *See Andrews*, 398 F.3d at 1123 n.12

(recognizing that some habeas petitions are civil rights actions mislabeled as

habeas petitions to avoid § 1915(g)'s penalties, and stating, "[i]n such cases, the

district court may determine that the dismissal of the habeas petition does in fact

count as a strike for purposes of § 1915(g)").  This is bolstered by the fact that

Grandinetti recently filed a civil rights action in the United States District Court for

the District of Arizona complaining of the same events and submitting at least one

of the same exhibits in support of his claim that he is being unfairly investigated or

charged with filing false medical claims to the SCC medical unit.  *See Grandinetti*

*v. Fuller*, Civ. No. 2:13-01365 PGR (D. Ariz. Jul. 8, 2013).

           As noted above, Grandinetti has accrued more than three strikes under

28 U.S.C. § 1915(g) and may not proceed *in forma pauperis* with a civil rights

action unless he shows imminent danger of serious physical injury.   Grandinetti's

claims here do not meet this standard, and he may not proceed without prepayment

of the filing fee.  *See* 28 U.S.C. § 1915(g).  If Grandinetti's true intent is to

challenge disciplinary proceedings under § 1983, this action is DISMISSED

without prejudice to refiling his claims, in the District of Arizona where venue is proper, *see* 28 U.S.C. § 1391(b), with concurrent payment of the civil filing fee.

## IV.  LEAVE TO AMEND IS DENIED

The court is aware of its duty to construe pro se pleadings liberally, in the light most favorable to the plaintiff, and accept all allegations of material fact as true.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010).  Leave to amend should be granted unless it appears that amendment is futile.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Amendment is clearly futile here.

## V.  MOTION FOR TEMPORARY RESTRAINING ORDER

A plaintiff seeking a temporary restraining order  "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted); *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009).  Grandinetti fails to establish the likelihood of success on his claims, irreparable harm in the absence of relief, or that the equities tip in his favor.  The Motion for Temporary Restraining Order is DENIED.

## VI.  CERTIFICATE OF APPEALABILITY

"Jurists of reason" would not find this court's determination that the Petition fails to state a valid claim of the denial of a constitutional right or that the procedural ruling was correct.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability is DENIED.

## VII.  CONCLUSION

For the foregoing reasons, the Petition and action are DISMISSED without prejudice but without leave to amend in this court.  The Motion for Temporary Restraining Order is DENIED.  A certificate of appealability is DENIED.  The Clerk of Court is instructed to terminate this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 22, 2013.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Grandinetti v. Guilan, et al.*, 1:13-cv-00323 JMS/RLP; G:\docs\prose attys\Habeas\DMP\2013\2241 & 2255\Grandinetti 13-323 jms #2 (standing, FTSC).wpd

15